Common Pleas Court of Hamilton County.

MILLER RUBBER PRODUCTS CO. V. LOGAN A. NOLL, EXR.

Decided January 3, 1933.

*Benham & Benham,* and *Geo. Zachritz,* for plaintiff.
*Stephens, Lincoln & Stephens,* for defendant.

MATTHEWS, J.

The case comes before the court upon the plaintiff's motion to strike from the answer.

The first defense is that of absence or failure of consideration. Assuming that the document is a negotiable

instrument, as it contains words of negotiability, Section 8133, General Code, makes this an affirmative defense. Before the code whether absence of consideration was an affirmative defense, the burden of proving which rested upon the defendant or whether original consideration was an element of the plaintiff's case the burden of proving which rested upon the plaintiff was a subject of much controversy. Section 8133, *supra,* seems to me to dispose of the controversy.

*Ginn* v. *Dolan,* 81 O. S., 121, decided after the Negotiable Instruments Code was adopted was based upon a note executed prior to the code's adoption, and therefore the code by its express provision (Section 8299, General Code) was inapplicable and not under construction. Payment has always been and is an affirmative defense.

That part of the second defense that charges plaintiff with knowledge that defendant was secondarily liable is immaterial under the Negotiable Instruments Code as construed in *Richards* v. *Bk.,* 81 O. S. 348. Under the rule enunciated in that case Section 12191, General Code, is inapplicable to a co-maker even though, to the knowledge of the creditor, he is a surety for the other maker. All the allegations of the second defense are immaterial.

For the same reasons the allegations of the third defense are immaterial.

The obligation to carry Miller stock and hold it as collaterial security and not to sell or otherwise dissipate it was the obligation of the co-makers of the note and not of the plaintiff. Their violation of the agreement even though the plaintiff had knowledge of it at the time can not be a defense in their favor.

The allegations of the fourth defense do not constitute a defense.

The fifth defense is in effect a denial that the claim was rejected by the executor within six months of the filing of the suit as alleged by the plaintiff.

The allegations are therefore material.

For these reasons the portions of the motion to strike identified by the letters a, b, c and d are overruled, and those proportions identified by the letters e, f, g, h and i are sustained.